**IN THE UNITED STATE DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**JANICE KIMBERLY NOBLE**                                                **PLAINTIFF**

**VS.**                               **4:15-CV-00636-JM**

**USAA CASUALTY INSURANCE,** *et al.*                          **DEFENDANTS**

**ORDER**

Pending is Plaintiff's Motion to Remand (Doc. No. 26). Defendants have responded.[1] As set out below, the Motion is GRANTED.

**I. BACKGROUND**

Plaintiff and Defendant Lewayne Williams were involved in an automobile accident in May 2010. Alleging that Williams was under-insured, Plaintiff amended her complaint to add the insurance defendants.

On October 14, 2015, Defendant USAA removed this case to federal court based on diversity jurisdiction. Though Williams and Plaintiff are both Arkansas residents, USAA asserts that he is fraudulently joined.

**II. DISCUSSION**

Plaintiff contends that this case should be remanded for lack of diversity and for untimely removal. However, USAA contends Williams is fraudulently joined. USAA points out that Plaintiff's actions during the course of litigation – neither accepting nor declining Williams's policy limits settlement offer and not pursuing discovery against Williams -- reveal that Plaintiff does not intend to proceed against Williams.

---

[1] Doc. No. 30.

Fraudulent joinder exists when a plaintiff files a "frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal."[2]  "However, if there is a 'colorable' cause of action -- that is, if the state law *might* impose liability on the resident defendant under the facts alleged -- then there is no fraudulent joinder."[3]  Stated another way, "if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent."[4]

Defendants point out several issues that call into question the sincerity of Plaintiff's intention to continue to pursue the claims against Williams.  But, this important fact remains: Williams was the driver of the car involved in the accident with Plaintiff, and Plaintiff asserts that his negligence caused her injuries.  Accordingly, Plaintiff has pled a colorable cause of action against Williams.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiff's Motion to Remand (Doc. No. 26) is GRANTED.  Accordingly, the Clerk of the Court is directed to immediately remand this case to the Circuit Court of Pulaski County.

IT IS SO ORDERED this 14th day of December, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[2] *Filla v. Norfolk Souther Ry. Co.*, 336 F.3d 806, 809-10 (8th Cir. 2003).

[3] *Id.* at 810.

[4] *Id.*